# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WILLIAM KLOESE | § | Case No. 1:11-40033-BWB |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 09/30/2011 . The undersigned trustee was appointed on 09/30/2011 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $      3,200.00

    Funds were disbursed in the following amounts:

| | |
|---|---|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]     $ | 3,200.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 02/22/2012 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 800.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 800.00 , for a total compensation of $ 800.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 0.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/06/2012       By:/s/Joji Takada
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

# EXHIBIT A

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

| Case No: | 11-40033 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada |
|---|---|---|---|---|---|---|
| Case Name: | WILLIAM KLOESE | | | | Date Filed (f) or Converted (c): | 09/30/2011 (f) |
| | | | | | 341(a) Meeting Date: | 10/24/2011 |
| For Period Ending: | 05/06/2012 | | | | Claims Bar Date: | 02/22/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 20017 GRACELAND | 110,000.00 | 0.00 | DA | 0.00 | FA |
| 2. CASH ON HAND | 100.00 | 0.00 | | 0.00 | FA |
| 3. TECH CREDIT UNION - CHECKING ACCOUNT | 742.69 | 0.00 | | 0.00 | FA |
| 4. TECH CREDIT UNION - SAVINGS ACCOUNT | 1,108.13 | 0.00 | | 0.00 | FA |
| 5. MISC. HOUSEHOLD GOODS | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. NORMAL AND CUSTOMARY | 300.00 | 0.00 | | 0.00 | FA |
| 7. 62 SHARES OF UPS STOCK | 4,543.65 | 3,494.47 | | 3,200.00 | FA |
| 8. 2005 GMC SIERRA TRUCK MILES 148,000 | 4,000.00 | 0.00 | DA | 0.00 | FA |
| 9. 2003 COACHMAN CAMPER TRAVEL TRAILER | 7,500.00 | 2,500.00 | DA | 0.00 | FA |
| 10. 98 HARLEY DAVIDSON MOTORCYCLE | 500.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $129,794.47 | $5,994.47 | | $3,200.00 | $0.00 |

Gross Value of Remaining Assets

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UST Form 101-7-TFR (5/1/2011) (Page: 3)

| RE PROP # | 2 | — | *Debtor Claimed Exemption |
| RE PROP # | 3 | — | *Debtor Claimed Exemption |
| RE PROP # | 4 | — | *Debtor Claimed Exemption |
| RE PROP # | 5 | — | *Debtor Claimed Exemption |
| RE PROP # | 6 | — | *Debtor Claimed Exemption |
| RE PROP # | 7 | — | *Debtor Claimed Exemption |
| RE PROP # | 10 | — | *Debtor Claimed Exemption |

Initial Projected Date of Final Report (TFR): 09/30/2013       Current Projected Date of Final Report (TFR): 09/30/2013

# EXHIBIT B

Page: 1

Exhibit B

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 11-40033  
Case Name: WILLIAM KLOESE  
Trustee Name: Joji Takada  
Bank Name: Congressional Bank  
Account Number/CD#: XXXXXX5957  
Checking Account  

Taxpayer ID No: XX-XXX2274  
For Period Ending: 05/06/2012  

Blanket Bond (per case limit):  
Separate Bond (if applicable):  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/26/12 | 7 | Jahnke Sullivan Toolis 9031 W 151st Street Orland Park, Illinois 60462 | Non-exempt funds | 1129-000 | $3,200.00 | | $3,200.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $3,200.00 | $0.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $3,200.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $3,200.00 | $0.00 |

Page Subtotals: $3,200.00  $0.00

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5957 - Checking Account | $3,200.00 | $0.00 | $3,200.00 |
| | $3,200.00 | $0.00 | $3,200.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $3,200.00 |
| Total Gross Receipts: | $3,200.00 |

Page Subtotals:    $0.00    $0.00

# EXHIBIT C
# (not applicable)

# EXHIBIT D

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 1:11-40033-BWB
Case Name: WILLIAM KLOESE
Trustee Name: Joji Takada

|  |  |
|---|---|
| Balance on hand | $ 3,200.00 |

Claims of secured creditors will be paid as follows:

### NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ 800.00 | $ 0.00 | $ 800.00 |
| Total to be paid for chapter 7 administrative expenses |  |  | $ 800.00 |
| Remaining Balance |  |  | $ 2,400.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

### NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

### NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 10,701.39 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 22.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Us Bank N. A. | $ 6,705.03 | $ 0.00 | $ 1,503.74 |
| 2 | Ge Capital Retail Bank | $ 3,996.36 | $ 0.00 | $ 896.26 |
| | Total to be paid to timely general unsecured creditors | | $ | 2,400.00 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE